[No. 8087-3-I.   Division One.   January 12, 1981.]

CINDY GREEN, ET AL, *Appellants,* v. RALPH
R. HOLM, JR., ET AL, *Respondents.*

*Gerald B. Netzky,* for appellants.

*Wayne Murray,* for respondents.

DURHAM, J.—This action arises out of an automobile accident occurring on February 24, 1979, involving appellants Laurie Woloszyn and Cindy Green, and respondent Ralph R. Holm, Jr. Holm admits that he negligently struck the vehicle in which Woloszyn and Green were riding. Appellants allege that Holm's insurer, Federated American Insurance Company (Federated), has never questioned Holm's liability. Appellants further allege that before Woloszyn obtained an attorney, Federated paid some of her medical bills, but that afterwards Federated "categorically refused" to pay any more of her medical bills.

In their complaint for damages brought against Holm, his wife, and Federated, appellants claim that Federated committed an unfair trade practice under the Consumer Protection Act, RCW 19.86, and WAC 284–30–300 *et seq.,* by refusing to pay Woloszyn's medical bills. Specifically, they allege:

XI

Plaintiff, Wolosyzn [*sic*], is therefore put in an improper position of being penalized for obtaining counsel *and* her credit is being impaired because she cannot pay her hospital and medical bills.

XII

In addition, plaintiff, Wolosyzn [*sic*], is in the unfair position of being pressured to settle her claim at a figure that may be less than just in order to obtain money to

salvage her credit rating and avoid lawsuits and collections.

The trial court granted respondents' motion for summary judgment, and dismissed the claim against Federated with prejudice for its failure to state a cause of action.

■ Initially, we note that even though the matter before us is a summary judgment in form, it is a CR 12(b)(6) motion to dismiss in substance, and we must review it as such. *Corrigal v. Ball & Dodd Funeral Home, Inc.*, 89 Wn.2d 959, 577 P.2d 580 (1978). Such a motion may be granted only when, after accepting the appellants' allegations as true, the court can say beyond doubt that no set of facts consistent with the complaint could be proven which would entitle the appellants to relief. *Corrigal*, at 961.

■ Appellants first argue that they have shown that Federated engaged in a per se violation of the Consumer Protection Act, RCW 19.86. They contend that if their allegations are taken as true, then they have satisfied the requirements enunciated in *State v. Reader's Digest Ass'n*, 81 Wn.2d 259, 501 P.2d 290 (1972), *appeal dismissed*, 411 U.S. 945, 36 L. Ed. 2d 406, 93 S. Ct. 1927 (1973) and *Salois v. Mutual of Omaha Ins. Co.*, 90 Wn.2d 355, 581 P.2d 1349 (1978); the unlawful act here being Federated's alleged violation of RCW 48.01.030.[1] A Consumer Protection Act claim against an insurance company for breach of its duty to exercise good faith under RCW 48.01.030 is limited to the insured. *Rice v. Life Ins. Co. of N. America*, 25 Wn. App. 479, 609 P.2d 1387 (1980). Here, Federated is Holm's insurer, not the appellants'. They cannot assert a claim under the act because it does not apply to a relationship that is adversarial in nature. *Marsh v. General Adjustment Bureau, Inc.*, 22 Wn. App. 933, 592 P.2d 676 (1979).

---

[1] RCW 48.01.030 provides:

"The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. Upon the insurer, the insured, and their representatives rests the duty of preserving inviolate the integrity of insurance."

Appellants next contend that their complaint states a claim under WAC 284-30-300 *et seq.* and that Federated's violation of these administrative regulations ᴄconstitutes negligence per se under the rule of *Bayne v. Todd Shipyards Corp.*, 88 Wn.2d 917, 568 P.2d 771 (1977). Appellants suggest that the purpose of these regulations is to avoid exactly the type of conduct that transpired here, *i.e.,* Woloszyn was forced to choose between settling her claim for a lesser amount or jeopardizing her financial future. Federated responds that the specific regulations cited are inapplicable and cannot serve as the basis for an action against the company.

WAC 284-30 is authorized by RCW 48.30.010.[2] The purpose of WAC 284-30 is to "define certain minimum standards which, if violated with such frequency as to indicate a general business practice, will be deemed to constitute unfair claims settlement practices." WAC 284-30-300. The regulations define certain unfair or deceptive acts or practices. WAC 284-30-330. The regulations, however, are not exclusive. WAC 284-30-310. Other acts may also be deemed to be violations of the insurance code or other regulations. WAC 284-30-310.

Appellants argue that Federated violated WAC 284-30 in general, and WAC 284-30-330(6), (7), (12), and (16) in particular. No cases have yet interpreted any of these regulations, which became effective on September 1, 1978. We have reviewed the entire chapter, and conclude that the only regulation that possibly applies here is WAC 284-30-

---

[2]RCW 48.30.010 provides:

"(1) No person engaged in the business of insurance shall engage in unfair methods of competition or in unfair or deceptive acts or practices in the conduct of such business as such methods, acts, or practices are defined pursuant to subsection (2) of this section.

"(2) In addition to such unfair methods and unfair or deceptive acts or practices as are expressly defined and prohibited by this code, the commissioner may from time to time by regulation promulgated pursuant to chapter 34.04 RCW, define other methods of competition and other acts and practices in the conduct of such business reasonably found by him to be unfair or deceptive."

330(6).[3] That regulation defines as an unfair or deceptive act or practice in the business of insurance: "Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear." WAC 284–30–330(6). Even though appellants' complaint did not use these precise words, their complaint could be construed to allege a violation of subparagraph (6), and we will construe it as such. CR 8(f).

Woloszyn's status is that of a third party claimant, which the regulations define as "any individual, . . . asserting a claim against any individual, . . . insured under an insurance policy or insurance contract of an insurer." WAC 284–30–320(8). Because WAC 284–30–330 does not distinguish between first and third party claimants, Woloszyn's status as a third party claimant does not prevent her from asserting a claim under that regulation. Assuming without deciding that a private cause of action may be based upon a violation of WAC 284–30–330, the appellants' complaint still fails to state a claim upon which relief can be granted.

---

[3]The other regulations cited by appellants, and the reasons for which we hold they do not apply here, are as follows:
WAC 284–30–330:
>  The following are hereby defined as unfair methods of competition and unfair or deceptive acts or practices in the business of insurance:
>
>  . . .
>
>  (7) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds.

This section is inapplicable because appellants are third party claimants, not insureds.

>  (12) Failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage.

This section is inapplicable because appellants' only right is an action against Holm, involving only the liability portion of Holm's policy with his insurance company, not any other portion of Holm's policy.

>  (16) Failure to adopt and implement reasonable standards for the processing and payment of claims once the obligation to pay has been established.

This section is inapplicable because the insurance company's obligation to pay has not been established by judgment.

■ Woloszyn's claim against Federated may be broken down into three parts. First, she claims her credit was impaired. Federated cannot be held legally responsible for any impairment of her credit, however, because Federated had no legal duty to pay any of her medical bills before she formally settled, or adjudicated, her claim. *See Bowe v. Eaton,* 17 Wn. App. 840, 565 P.2d 826 (1977). Next, she claims she was penalized for obtaining counsel. If Woloszyn was in fact being penalized for obtaining counsel, then her complaint might have been legally sufficient; *e.g.,* if Federated had first offered her $100,000, but after obtaining counsel reduced its offer to $50,000. Federated's mere discontinuance of paying medical bills that it had no legal duty to pay, however, is not enough to show the lack of good faith required to find a violation of subparagraph (6).

Finally, she claims that she was being pressured to settle. A close reading of her complaint shows that she does not specifically allege that Federated is pressuring her to settle, but that she "is in the unfair position of being pressured to settle . . ." It also does not specifically allege that the settlement offer is unjust, but rather that it "*may* be less than just." (Italics ours.) Woloszyn's allegations are simply too vague to survive a CR 12(b)(6) motion to dismiss.

We hold that the trial court correctly ruled that appellants failed to state a claim upon which relief could be granted. Federated's alleged conduct also cannot be deemed to violate the insurance code or other regulations within the meaning of WAC 284–30–310.

Appellants also assign error to the trial court's dismissal of this portion of their complaint with prejudice and without leave to amend. The trial court's dismissal of appellants' claim with prejudice was within its discretion and was not error.

Affirmed.

JAMES, C.J., and RINGOLD, J., concur.