[No. 5826–3–III.   Division Three.   April 4, 1985.]

NORMAN KAGELE, ET AL, *Appellants,* v. AETNA LIFE AND CASUALTY COMPANY, ET AL, *Respondents.*

*Gerald W. Gelfand,* for appellants.

*William F. Etter, Raymond F. Clary,* and *Witherspoon, Kelley, Davenport & Toole,* for respondent Aetna Life and Casualty Co.

*Constance D. Gould* and *Anderson, Evans, Craven & Lackie, P.S.,* for respondent Andre Romberg Insurance Agency.

GREEN, C.J.—Norman and Ursula Kagele appeal a summary judgment dismissing their assigned claim against Aetna Life and Casualty Company and Andre Romberg Insurance Agency.

The Currys, d/b/a Excell Construction Company, purchased through Andre Romberg a comprehensive liability policy with Aetna. In 1978 the Kageles contracted with Curry to build them a house in Ritzville. On December 13, 1978, a fire destroyed the Kageles' home. They filed suit naming various defendants, including the Currys as general contractor. On November 13, 1982, the Kageles and Currys executed an agreement entitled "Covenant Not To Sue or Execute and Assignment". Under this agreement, the Currys were dismissed from the suit with prejudice and without admitting any liability. In exchange, the Currys assigned their rights, if any, against Aetna under its insurance policy to the Kageles. The agreement also provided that if the insurance proceeds from Aetna were unavailable to satisfy the Kageles' claim, the Currys agreed to pay $20 in full satisfaction of the claim. The agreement states that Aetna denied coverage. At a settlement hearing, the Kageles established damages in excess of $220,000; but the amount received in settlement from the other defendants was $120,000.

On August 26, 1982, the Kageles brought this action in Adams County against Aetna alleging it wrongfully denied

its policy covered the fire damage and it violated the Consumer Protection Act, RCW 19.86, in filing evidence of insurance when in fact insurance does not exist. On March 3, 1983, Aetna commenced a declaratory judgment action in Spokane County to determine whether the policy covered the Kageles' damage. The Kageles' action in Adams County was summarily dismissed as to both Andre Romberg and Aetna for the reason the Kageles did not establish liability or damages. The Kageles appeal.

### ANDRE ROMBERG INSURANCE AGENCY

While the Kageles assign error to the court's dismissal of Andre Romberg, they neither cite authority nor present argument in support of the claimed error. RAP 10.3(a)(5) requires an appellate brief to contain argument in support of the issues presented for review, together with citation to legal authority. *See also* RAP 13.4(c)(7). Consequently, this assigned error will not be considered. *Orwick v. Seattle,* 103 Wn.2d 249, 256, 692 P.2d 793 (1984).[1]

### AETNA LIFE AND CASUALTY COMPANY

Aetna asserts that since the settlement agreement between the Kageles and the Currys states the Currys are not liable and did not obligate the Currys to pay anything, then it, the insurer, is not obligated to pay anything. Aetna argues an insurer is not liable to a claimant if the insured is not.[2] We disagree.

First, the agreement between the Currys and Kag-

---

[1]Prior to argument of this appeal, Andre Romberg moved for dismissal before the commissioner who granted the motion. The Kageles moved to modify this ruling. Our decision here requires the motion to modify be denied.

[2]During oral argument, Aetna also contended if it is liable, recovery is limited to the $20 the Currys agreed to pay under the settlement agreement. This contention is not meritorious. Aetna, in its brief, admits "[a]fter extensive negotiations in which Aetna negotiated on behalf of the Currys, a settlement was reached." In light of Aetna's involvement, it would be inequitable to hold the $20 the Currys agreed to pay fixes the value of the Kageles' claim and thus measures the extent of the Currys' liability. *See Zander v. Casualty Ins. Co.,* 259 Cal. App. 2d 793, 66 Cal. Rptr. 561, 568 (1968).

eles does not determine the Currys' liability:

WHEREAS, all parties wish to fully settle their dispute *without defendants [Currys] admitting any liability* and with plaintiffs [Kageles] reserving any and all causes of action or rights which may otherwise accrue to [Kageles] against any other entities whatsoever; . . .

. . .

IT IS HEREBY AGREED that plaintiffs shall agree or stipulate to the entry of an order dismissing their claims against Gordon Curry and Betty Lou Curry, d/b/a Excell Construction Company with prejudice and setting forth the reasonableness of this settlement. . . .

. . .

IT IS FURTHER AGREED that Norman and Ursula Kagele . . . will not execute, levy, attach or garnish any property, assets or funds belonging to Gordon Curry and Betty Lou Curry, d/b/a Excell Construction by virtue of any judgment or settlement in Adams County Cause Number 13696, *Kagele v. Aetna Casualty and Surety, et al.*;

. . .

IT IS FURTHER AGREED that nothing in this Covenant Not To Sue or Execute and Assignment shall in any way limit or waive the rights which Norman and Ursula Kagele may have against the Aetna Casualty and Surety Company, Andre–Romberg Insurance Agency, Inc., . . .

(Italics ours.)

Second, Aetna concedes the Currys could assign to the Kageles any potential cause of action they had against Aetna. Rightly so as it is well established that a claim by an insured against his insurer may be assigned to the injured party. *State Farm Mut. Auto. Ins. Co. v. Paynter,* 122 Ariz. 198, 593 P.2d 948 (1979); *Damron v. Sledge,* 105 Ariz. 151, 460 P.2d 997, 999 (1969); *Zander v. Casualty Ins. Co.,* 259 Cal. App. 2d 793, 66 Cal. Rptr. 561 (1968); *Critz v. Farmers Ins. Group,* 230 Cal. App. 2d 788, 41 Cal. Rptr. 401, 12 A.L.R.3d 1142 (1964); *American Family Mut. Ins. Co. v. Kivela,* __ Ind. App. __, 408 N.E.2d 805 (1980); *Miller v. Shugart,* 316 N.W.2d 729 (Minn. 1982); *Metcalf v. Hartford Accident & Indem. Co.,* 176 Neb. 468, 126 N.W.2d 471 (1964); *Griggs v. Bertram,* 88 N.J. 347, 443 A.2d 163 (1982);

*Groce v. Fidelity Gen. Ins. Co.,* 252 Or. 296, 448 P.2d 554 (1968); Annot., *Assignability of Insured's Right To Recover Over Against Liability Insurer for Rejection of Settlement Offer,* 12 A.L.R.3d 1158 (1967) and cases cited therein. *Contra, Bendall v. White,* 511 F. Supp. 793, 795 (N.D. Ala. 1981); *American Cas. Co. v. Griffith,* 107 Ga. App. 224, 129 S.E.2d 549 (1963); *Huffman v. Peerless Ins. Co.,* 17 N.C. App. 292, 193 S.E.2d 773 (1973).

Third, a covenant not to execute coupled with an assignment and settlement agreement is not a release permitting the insurer to escape its obligation. *State Farm Mut. Auto. Ins. Co. v. Paynter, supra; Globe Indem. Co. v. Blomfield,* 115 Ariz. 5, 562 P.2d 1372 (1977); *Steil v. Florida Physicians' Ins. Reciprocal,* 448 So. 2d 589, 591 (Fla. Dist. Ct. App. 1984); *see also Zander v. Casualty Ins. Co., supra.*

> If . . . the insureds are offered a settlement that effectively relieves them of any personal liability, at a time when their insurance coverage is in doubt, surely it cannot be said that it is not in their best interest to accept the offer. Nor, do we think, can the insurer who is disputing coverage compel the insureds to forego a settlement which is in their best interests.

*Miller v. Shugart, supra* at 733–34.

In *Steil v. Florida Physicians' Ins. Reciprocal, supra,* the insurer denied coverage. The insured and injured party entered into a written settlement. The insured acknowledged he was obligated to the injured party and gave her a written assignment of all his rights and causes of action against the insurer, while the injured party released the insured and dismissed her claim against him. The insurer argued that since the insured had neither paid nor become obligated to pay and the insurer's policy obligations were predicated upon the insured's liability, it could not be held responsible. The court disagreed holding the insurer was not exonerated because the insured was able to obtain his own discharge from liability. *Steil v. Florida Physicians' Ins. Reciprocal, supra* at 591. The court pointed out it was clear from the settlement agreement that the insured and

the injured party did not intend to release the insurer. *Steil v. Florida Physicians' Ins. Reciprocal, supra* at 591. The court went on to state up to that time the question of coverage had not been decided and as a condition precedent to recovery against the insurer, the injured party would have to prove the claim was within the coverage of the policy. *Steil v. Florida Physicians' Ins. Reciprocal, supra* at 592.

Here, as in *Steil*, the issue of coverage has not been decided. The record shows that on March 3, 1983, Aetna filed a declaratory judgment action in Spokane County cause 83–2–00505–6 to determine coverage. The status of that action is not in the record on this appeal. It is apparent that the question of coverage, which involves material questions of fact, must be resolved before the issues raised in the present action can be decided. Thus, determination of this action is premature.

■ Finally, as to the Kageles' contention Aetna's filing evidence of insurance with the State pursuant to RCW 18.27.050[3] and then asserting there was no coverage is an unfair or deceptive act constituting a per se violation of the Consumer Protection Act, we note that *only an insured* may bring a cause of action for a per se violation of the Consumer Protection Act. *Transamerica Title Ins. Co. v. Johnson*, 103 Wn.2d 409, 418, 693 P.2d 697 (1985); *Green v. Holm*, 28 Wn. App. 135, 622 P.2d 869 (1981).

The summary judgment of dismissal as to Andre Romberg Insurance Agency is affirmed, but the summary judgment dismissal of Aetna Life and Casualty Company is

---

[3]RCW 18.27.050 provides:

"At the time of registration the applicant shall furnish to the director satisfactory evidence that the applicant has procured and has in effect public liability and property damage insurance covering the applicant's contracting operations in the sum of not less than twenty thousand dollars for injury or damage to property and fifty thousand dollars for injury or damage including death to any one person and one hundred thousand dollars for injury or damage including death to more than one person.

"In the event that such insurance shall cease to be effective the registration of the contractor shall be suspended until such insurance shall be reinstated."

reversed.

MUNSON and McINTURFF, JJ., concur.

Review denied by Supreme Court June 7, 1985.