[No. 9156–9–II. Division Two. August 31, 1987.]

MARY STEINMETZ, *Appellant,* v. HALL–CONWAY–JACKSON, INC., ET AL, *Respondents.*

*Duane Lansverk* and *Landerholm, Memovich, Lansverk & Whitesides,* for appellant.

*Thane W. Tienson, Michael A. Lehner,* and *Mitchell, Lang & Smith,* for respondents.

PETRICH, J.—Mary Steinmetz, for and on behalf of her assignee Earl Palmer, appeals the trial court's order on summary judgment which dismissed her insurance malpractice claim against the insurance brokerage firm of Hall–Conway–Jackson, Inc., and Steve Conway, one of the firm's agents, for failure to provide adequate liability insurance.
We reverse.

## FACTS
On October 31, 1981, Earl Palmer was a passenger in a car operated by Steve Carroll, age 19. Carroll, who was intoxicated, lost control of his car causing injuries to Palmer of approximately $2 million. Just prior to the acci-

dent, Carroll had been drinking intoxicants at the Big Foot Tavern, which was owned and operated by Mary Steinmetz. The employees of the tavern served alcohol to Carroll notwithstanding the fact that he was under 21 years of age.

Palmer sued Steinmetz alleging that her employees had negligently furnished alcohol to Carroll. During settlement negotiations, Steinmetz learned that her insurance agent, Steve Conway, had obtained a liquor liability policy of only $100,000 instead of $300,000 as requested. Palmer would have settled for $300,000 if $300,000 had been the policy limits.

To avoid the potential $2 million exposure, Steinmetz entered into a settlement agreement with Palmer on June 12, 1984. The agreement provided that: (1) Steinmetz would pay Palmer $100,000 (the sum represents Steinmetz's policy limits); (2) Steinmetz would assign to Palmer her negligence claim against Conway; (3) Palmer would dismiss the cause against Steinmetz with prejudice; and (4) Palmer would not execute against Steinmetz's assets for the remaining $500,000 settlement. The agreement stated that Palmer's injuries had a jury verdict potential of $2 million, a settlement value of $600,000, and that Palmer was not being fully compensated for his injuries through the settlement agreement.

The provisions of the settlement agreement were carried out. The $100,000 was paid to Palmer by Steinmetz's insurance company. Palmer then filed suit, as Steinmetz's assignee, against Conway for insurance agent malpractice for failure to secure liability insurance in the requested amounts.

Conway moved for summary judgment of dismissal on the ground that a settlement agreement relieved Steinmetz of any obligation to Palmer and therefore no damages could be proven. The trial court agreed and entered summary judgment dismissing the complaint. Palmer's later motion for reconsideration was denied.

The dispositive issue on appeal is whether, to establish the fact of damage suffered by an assignor of a cause of

action, the trial court is to look to the potential monetary liability of the assignor at the time of assignment or to the subsequent effect of a settlement agreement and covenant not to execute which obviates the risk. We conclude that the existence or nonexistence of damage is to be determined by looking at the liability risk faced by the assignor at the time of assignment.

### SUMMARY JUDGMENT

Summary judgment should be granted only if there is no dispute as to any material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). A material fact is one on which the outcome of the litigation depends. *Ohler v. Tacoma Gen. Hosp.*, 92 Wn.2d 507, 511, 598 P.2d 1358 (1979). The trial court must look at the evidence in a light most favorable to the nonmoving party. *Jacobsen v. State*, 89 Wn.2d 104, 569 P.2d 1152 (1977). If reasonable minds could reach different conclusions, the motion for summary judgment must not be granted. *Jacobsen v. State, supra.*

In reviewing the disposition of a motion for summary judgment, the appellate court engages in the same inquiry as that of the trial court. *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). If the facts are uncontroverted and do not indicate any issue of material fact, the court need only decide if the moving party is entitled to judgment as a matter of law. *See State Farm Gen. Ins. Co. v. Emerson*, 102 Wn.2d 477, 480, 687 P.2d 1139 (1984); *Hodgins v. State*, 9 Wn. App. 486, 513 P.2d 304 (1973).

Here, the facts are not in dispute. Steinmetz's employees served intoxicants to Carroll, who then became involved in an automobile accident in which Palmer was injured. The dispute concerns a question of law as to the legal effect of a settlement agreement obviating personal liability. Therefore, our inquiry focuses on whether Conway was entitled to

judgment as a matter of law.

### ASSIGNMENT AND SETTLEMENT COVENANT

Steinmetz, through Palmer, argues that the trial court incorrectly decided that Steinmetz did not sustain damage from Conway's negligence because it applied the wrong legal standard to the rights of assignees. Further, the argument goes that the covenant signed by Palmer and Steinmetz did not release Conway from liability for his negligence.

■■ "An insurance agent is liable to its principal for negligent performance of a duty undertaken by the agent to obtain insurance." (Citations omitted.) *Hellbaum v. Burwell & Morford,* 1 Wn. App. 694, 700, 463 P.2d 225 (1969). "[A] claim by an insured against his insurer may be assigned to the injured party." *Kagele v. Aetna Life & Cas. Co.,* 40 Wn. App. 194, 197, 698 P.2d 90, *review denied,* 103 Wn.2d 1042 (1985). "The assignee of a chose in action takes only those rights held by his assignor." (Citations omitted.) *Home Indem. Co. v. McClellan Motors, Inc.,* 77 Wn.2d 1, 3, 459 P.2d 389 (1969). The assignee's rights are coextensive with those of the assignor at the time of the assignment. *Home Indemnity,* 77 Wn.2d at 3–4. "[A] covenant not to execute coupled with an assignment and settlement agreement is not a release permitting the insurer to escape its obligation." *Kagele v. Aetna Life & Cas. Co.,* 40 Wn. App. at 198.

■ Here, the facts when considered in a light most favorable to Palmer/Steinmetz show that Conway was negligent in not procuring a $300,000 liquor liability policy for the Big Foot Tavern. Had the proper policy been obtained, Steinmetz would not have been subjected to liability beyond the policy limits. To avoid a potential jury exposure of $2 million, Steinmetz settled with Palmer for $600,000.

At the time of settlement, Steinmetz had a claim against Conway for damages owed to Palmer resulting from Conway's negligence in failing to obtain the proper insurance. In consideration of Palmer's agreement not to sue or execute, Steinmetz assigned to Palmer her right to sue Conway. Palmer, as the assignee, took those rights held by Steinmetz at the time of the assignment. *Home Indem. Co. v. McClellan Motors, Inc., supra.* The subsequent covenant did not act as a release against Conway. *Kagele v. Aetna Life & Cas. Co., supra.* The fact that Steinmetz did not pay out of her own pocket and was not subjected to personal liability because of the covenant is immaterial. Steinmetz was forced to enter into a settlement agreement with Palmer because of Conway's negligence.

Therefore, because the trial court looked at the effect the covenant had on Steinmetz's personal liability rather than the right to sue possessed by Steinmetz when she assigned the right to Palmer, we conclude that the trial court erred when it concluded as a matter of law that Steinmetz was not damaged and thus awarded summary judgment to Conway.

## Consumer Protection Act

Next, Palmer contends that the trial court improperly awarded summary judgment to Conway on the Consumer Protection Act (CPA) claim. We agree.

"A dispute between an insured and his insurer has sufficient effect on the public interest to permit a private action for damages under the Consumer Protection Act (RCW 19.86.090)." *Salois v. Mutual of Omaha Ins. Co.,* 90 Wn.2d 355 headnote 4 (1978). An action under the CPA requires proof of damage. RCW 19.86.090.

Here, a dispute exists between Steinmetz and Conway. The potential for damages has been demonstrated. As previously discussed, Palmer, as the assignee, took those rights possessed by Steinmetz at the time of the assignment. *Home Indem. Co. v. McClellan Motors, Inc., supra.* Therefore, we conclude that the summary judgment for Conway

on the CPA claim was improperly awarded.

Judgment reversed and this matter is remanded for further proceedings.

REED, C.J., and ALEXANDER, J., concur.

Reconsideration denied October 1, 1987.

Review denied by Supreme Court February 1, 1988.