[No. 24023-4-I. Division One. May 14, 1990.]

ANNETTE FOOTE, *as Personal Representative, Appellant,* v. VIKING INSURANCE COMPANY OF WISCONSIN, ET AL, *Respondents.*

*Paul J. Burns,* for appellant.

*Craig R. Watson* and *Bullivant, Houser, Bailey, Pendergrass & Hoffman,* for respondent Viking Insurance Company of Wisconsin.

*David M. Jacobi* and *Wilson, Smith, Cochran & Dickerson,* for respondent Financial Indemnity Company.

BAKER, J.—Annette Foote, as personal representative of the estate of Terry L. Rogers, appeals a summary judgment dismissing her claim that the estate is entitled to income continuation benefits under applicable insurance policies.

I

Terry L. Rogers died in a 1–car accident in March 1988. The car was owned and driven by Mark Jepson. Viking

Insurance Company insured Jepson's car, and Rogers was an insured person under the personal injury protection endorsement of that policy. In addition, Rogers carried automobile insurance through Financial Indemnity Company.

As personal representative for the estate of Terry Rogers, Annette Foote made a claim for income continuation benefits from both Viking and Financial. The personal injury protection endorsement of the Viking policy provided:

> The Company will provide the following benefits for loss and expense incurred because of bodily injury caused by accident and arising out of the ownership, maintenance or use of an automobile:
>
> . . . .
>
> (b) income continuation benefits to or on behalf of each injured person who at the time of the accident was usually engaged in a remunerative occupation[.]

(Emphasis omitted.)

The Viking policy also included the following definitions:

> "bodily injury" means bodily injury, sickness or disease, including death at any time resulting therefrom;
>
> . . . .
>
> "income continuation benefits" means payment of 85% of the injured person's loss of income from work, because of bodily injury sustained by him in the accident, during the period commencing 14 days after the date of such accident and ending the earliest of the following: (1) the date on which such injured person is reasonably able to perform the duties of his usual occupation, or (2) the expiration of not more than 52 weeks from such 14th day, or (3) *the date of such injured person's death*[.]

(Emphasis omitted. Italics ours.)

The relevant definitions and personal injury protection provisions of the Financial policy are virtually identical.

Viking and Financial denied Foote's claim for income continuation benefits because Rogers had died in the accident. Foote sought a declaratory judgment that the estate was entitled to income continuation benefits from both companies. The trial court granted the companies' motions for summary judgment and dismissed Foote's complaint.

## II

Foote contends that the policy language is ambiguous and should be construed to entitle Rogers' estate to income continuation benefits. Foote contends the ambiguity arises because the general definition of bodily injury, which includes death, cannot be reconciled with the definition of income continuation benefits which apply to bodily injury but terminate at death.

Viking and Financial contend that the policies are not ambiguous; that the definition of bodily injury is a general one; that the income continuation benefits specifically commence 14 days after injury and terminate at death; and that the estate is not entitled to the benefits. We agree.

■ Because this is an appeal of a motion from summary judgment, the appellate court engages in the same inquiry as that of the trial court. *Wilson v. Steinbach,* 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). Summary judgment is proper where, taking the evidence in a light most favorable to the nonmoving party, there is no issue of material fact. *Steinmetz v. Hall–Conway–Jackson, Inc.,* 49 Wn. App. 223, 226, 741 P.2d 1054 (1987), *review denied,* 110 Wn.2d 1006 (1988).

■ Terms in an insurance contract should be given a fair and reasonable construction as would be given by an average purchaser. *Loran v. Dairyland Ins. Co.,* 42 Wn. App. 17, 20, 707 P.2d 1378, *review denied,* 105 Wn.2d 1002 (1985). The language in an insurance policy is construed in accordance with rules applicable to construing other contracts. *Rodenbough v. Grange Ins. Ass'n,* 33 Wn. App. 137, 140, 652 P.2d 22 (1982). In contracts, the specific provisions control over the general provisions. *McGary v. Westlake Investors,* 99 Wn.2d 280, 286, 661 P.2d 971 (1983); *Washington Local Lodge 104 of Int'l Bhd. of Boilermakers v. International Bhd. of Boilermakers,* 28 Wn.2d 536, 541, 183 P.2d 504, 189 P.2d 648 (1947); Restatement (Second) of Contracts § 203(c) (1981). The comments to § 203 explain:

Attention and understanding are likely to be in better focus when language is specific or exact, and in case of conflict the

specific or exact term is more likely to express the meaning of the parties with respect to the situation than the general language.

Restatement (Second) of Contracts § 203, comment *e. See Enns v. Board of Regents,* 32 Wn. App. 898, 650 P.2d 1113 (1982).

Ambiguity exists "if a policy provision on its face is fairly susceptible to two different but reasonable interpretations". *Transcontinental Ins. Co. v. Washington Pub. Utils. Dists.' Util. Sys.,* 111 Wn.2d 452, 456, 760 P.2d 337 (1988); *Federal Ins. Co. v. Pacific Sheet Metal, Inc.,* 54 Wn. App. 514, 517, 774 P.2d 538, *review denied,* 113 Wn.2d 1008 (1989). If the policy is ambiguous, the court attempts to discern the parties' intent. *Transcontinental Ins. Co.,* 111 Wn.2d at 457.

Here, the policies broadly define bodily injury to include death. Such a definition is appropriate where, as here, the policies include funeral expenses as a covered item under "bodily injury" coverage.

Then, in the specific provision dealing with income continuation benefits, death is listed as a benefit–terminating event. The benefits commence 14 days after the accident and end upon the death of the insured. Here, the specific language terminating the benefits is not rendered ambiguous by the general definition of bodily injury.

Foote argues that the termination of income continuation benefits is triggered by death only from a cause other than the accident, but not by death as a result of the accident. This argument attempts to create confusion where none exists. The policy states that the income continuation benefits terminate at death. The absence of conditional phraseology indicates that death terminates the income continuation benefits, whatever the cause of death may be.

Viking and Financial correctly argue that to find otherwise would convert this income continuation benefit into a life insurance policy with an automatic $10,000 death benefit, which was not the intent of the parties in purchasing automobile insurance.

Even looking at the policy in a light most favorable to Foote, as the court must on a summary judgment motion, the meaning of the policy language is susceptible of only one reasonable interpretation. Rogers' estate is not entitled to income continuation benefits. Because the insurance policy language is not ambiguous, we affirm the decision of the trial court dismissing Foote's declaratory judgment action.

We note that Viking stated in its brief that it would seek attorney's fees pursuant to the Rules of Appellate Procedure. RAP 18.9(c). However, no affidavit was filed and no fees were mentioned at oral argument, and hence we award no attorney fees. RAP 18.1.

PEKELIS and WINSOR, JJ., concur.