[No. 18485-1-II.    Division Two.    July 26, 1996.]

PAUL NEIGEL, *Appellant*, v. LARRY D. HARRELL, ET AL., *Respondents*.

*Ben Shafton* and *Morse & Bratt*, for appellant.

*Douglas F. Foley, Laurence R. Wagner*, and *Bullivant, Houser, Bailey, Pendergrass & Hoffman*, for respondents.

TURNER, J. — Neigel appeals the dismissal of his suit against Harrell and Allstate. He alleges that Allstate's failure to promptly pay his damage claim breaches a regulation that requires insurers to make good faith attempts "to effectuate prompt payment of property damage claims to innocent third parties." The issue is whether a third party can recover from an insurer that fails to promptly pay the claim when its insured damaged the third party's property. Our Supreme Court in *Tank v. State Farm* said no; an insurance company's duty is to the insured, not to third-party claimants of the insured. We affirm the dismissal.

On September 11, 1992, Paul Neigel purchased a used 1986 Jeep Cherokee for $7,995. On September 29, 1992, the Jeep was rendered a total loss because of an accident caused by the negligence of Allstate insured Larry Harrell.[1] Allstate undertook to adjust Neigel's property damage claim, and paid for a temporary rental vehicle for Neigel. About one month later, Allstate offered Neigel a settlement of $6,710, and indicated that it was ceasing car rental payments. Neigel was reluctant to accept anything less than an amount equal to the price he had paid for the used Jeep just 18 days before the accident. Therefore, he decided to turn the matter over to his own automobile insurer, State Farm. Under collision coverage provisions of Neigel's policy, State Farm paid Neigel the full purchase price, adjusted for taxes and the amount of his deductible. Allstate later paid this amount in full to State Farm in subrogation.

---

[1] Neigel sued for personal injury and property damage after his vehicle was rear-ended by Harrell's. Neigel's bodily injury claims have now been settled and Harrell has been dismissed from the suit.

Neigel claims that Allstate violated its duty of good faith by offering him an amount substantially lower than what it ultimately paid State Farm. He sued for $1,183.02 in rental car expenses incurred from the time Allstate ceased car rental payments, until State Farm paid his claim. He also asked for an award of treble damages and attorney fees as permitted under the Consumer Protection Act (CPA), RCW 19.86.

The trial court granted Allstate's CR 12(b)(6) motion to dismiss for failure to state a claim upon which relief could be granted, but denied its motion for CR 11 sanctions. On appeal, Neigel seeks reversal of the trial court's dismissal. Allstate cross-appeals the denial of its motion for CR 11 sanctions, and requests attorney fees for responding to a frivolous appeal.

■ We review a dismissal under CR 12(b)(6) de novo. Courts properly dismiss a claim under that rule if it appears beyond a reasonable doubt that no facts exist that would justify recovery, or if the plaintiff's allegations reveal an insurmountable bar to relief. *Cutler v. Phillips Petroleum Co.*, 124 Wn.2d 749, 755, 881 P.2d 216 (1994), *cert. denied*, 115 S. Ct. 2634 (1995) (citation omitted).

■ An *insured* may establish an unfair trade practice under the Consumer Protection Act based upon a violation of WAC 284-30-330. *Industrial Indem. Co. of the NW, Inc. v. Kallevig*, 114 Wn.2d 907, 922, 792 P.2d 520 (1990). Neigel claims that because Allstate failed to make a good faith attempt to pay his claim against its insured, it violated WAC 284-30-330(6). The Supreme Court in *Tank v. State Farm Fire & Cas. Co.*, 105 Wn.2d 381, 715 P.2d 1133 (1986), explains, however, that an insurer's duty to act in good faith is owed to its insured; and *"third party claimants may not sue an insurance company directly for alleged breach of duty of good faith under a liability policy." Tank*, 105 Wn.2d at 391 (emphasis added).

*Tank*'s holding clearly and squarely addresses the issues raised by Neigel. In *Tank*, two cases involving third party suits against auto liability insurers for alleged bad faith

violations of the CPA were consolidated. In one, the claimant was injured in a traffic-oriented altercation and obtained a judgment against the insured, which the insurer refused to pay. In the other, the claimant sustained injuries in an accident with an insured, but the insurer questioned the extent and cause of the injuries, and refused to advance medical expenses. The *Tank* court carefully weighed and considered alternative holdings but held that nothing in the language of WAC 284-30-300 *et seq.* specifically gives third party claimants the right to enforce this regulation:

> In ruling that a third party claimant has no right of action against an insurance company for breach of duty of good faith, we are not unmindful that a handful of other jurisdictions recognize such a cause of action. . . . We do not, however, choose to follow those few.

> One Court of Appeals decision, *Green v. Holm*, 28 Wn. App. 135, 622 P.2d 869 (1981), would appear to be contrary to our ruling . . . . However, the court did not make a determination whether a first party *or* third party claimant could sue to enforce WAC 284-30-300 *et. seq.* . . . An assumption that a third party claimant has such a cause of action, after our holding today, would not be valid.

> . . . .

> In foreclosing the right of third party claimants to sue insurers for breach of their statutory duty of good faith, we are persuaded that the public as a whole would not benefit from allowing such suits. [*Tank*, 105 Wn.2d at 393-95 (emphasis is original)].

Neigel contends that because the Insurance Commissioner amended WAC 284-30-330(6) after *Tank*, a cause of action was created in third parties. The regulation, captioned "Specific unfair claims settlement practices defined," was amended in 1987 to add the following underlined passage:

> Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become

reasonably clear. In particular, this includes an obligation to effectuate prompt payment of property damage claims to innocent third parties in clear liability situations. If two or more insurers are involved, they should arrange to make such payment, leaving to themselves the burden of apportioning it. [WAC 284-30-330(6).]

Neigel contends that the 1987 additions to the regulation were intended to administratively override the holding in *Tank* to allow civil enforcement by third parties. RCW 48.30.010(2) delegates broad authority to the Insurance Commissioner to define unfair or deceptive acts and practices in the insurance business:

In addition to such unfair methods and unfair or deceptive acts or practices as are expressly defined and prohibited by this code, the commissioner may from time to time by regulation promulgated pursuant to chapter 34.05 RCW, define other methods of competition and other acts and practices in the conduct of such business reasonably found by the commissioner to be unfair or deceptive. [RCW 48.30.010)(2).]

The court in *Tank* recognized the Commissioner's authority:

Moreover, we are not persuaded that it was the intent of the Insurance Commissioner in drafting these regulations to create a cause of action in third party claimants. The enforcement of these rules on behalf of third parties should be the province of the Insurance Commissioner, not individual third party claimants. [*Tank*, 105 Wn.2d at 393.]

Nonetheless, we view the added passage in WAC 284-30--330(6) as clarifying that the original good-faith requirement includes prompt payments to third parties. The duty remains a duty owed by an insurer to its insured. Although the regulation was amended shortly after *Tank* was decided, we are not persuaded that the Insurance Commissioner intended to create a cause of action in third party claimants. The 1987 amendment is not a material addition or departure from the original regulation. It, therefore, does not compel reconsideration of the holding

in *Tank*.[2] The trial court's dismissal on a 12(b)(6) motion was proper.

■ Allstate cross-appeals the denial of its motion for CR 11 sanctions, and requests attorney fees for responding to a frivolous appeal. CR 11 discourages filings which are not "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." The purpose behind CR 11 is to deter baseless filings and to curb abuses of the judicial system, but it is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories. *Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 219, 829 P.2d 1099 (1992) (citation omitted.)

■ Although Neigel has raised debatable issues of first impression, his claim fails because we are constrained to follow the Supreme Court holding in *Tank*. Nevertheless, he has exhibited good faith in the pursuit of an extension, modification, or reversal of existing law. The trial court did not abuse its discretion by declining to impose CR 11 sanctions. An award of attorney fees to Allstate is likewise unwarranted. This appeal was not frivolous.

Affirmed.

MORGAN and BRIDGEWATER, JJ., concur.

Review denied at 130 Wn.2d 1021 (1996).

---

[2]Decisions after *Tank* show no trend toward weakening its holding. For example, Division Three of this court has held that an insurer does not owe an enhanced duty of good faith to a third party claimant even when the claimant and tortfeasor are both insured by the same carrier. *Heigis v. Cepeda*, 71 Wn. App. 626, 862 P.2d 129 (1993).