[No. 17016.   Department One.   May 15, 1922.]

## W. A. BUCKLEY, *Appellant*, v. ALBERT MATHESON, *Respondent.*[1]

PRINCIPAL AND AGENT (34, 42)—AUTHORITY OF AGENT—SALES—EVIDENCE—SUFFICIENCY. An innocent purchaser of an automobile from a dealer in used cars acquires good title, as against the owner, where the owner placed the car in possession of the dealer, with intent to make it his agent for the sale, under a written option to purchase, which was not recorded, and with authority to sell it for a certain sum, which was done with the knowledge of the owner, who encouraged the sale and gave no intimation of his title.

TRIAL (33)—REOPENING CASE—DISCRETION OF COURT. The discretion of the court in denying a motion to reopen a case, after nonsuit and dismissal granted, will not be disturbed, where the purpose was to introduce proof of damages for loss of the use of an automobile, in an action of replevin which failed for want of title.

Cross-appeals from a judgment of the superior court for Spokane county, Neal, J., entered September 26, 1921, upon granting a nonsuit, dismissing an action of replevin tried to the court and a jury.   Affirmed.

*Fabian B. Dodds,* for appellant.
*Corkery & Corkery,* for respondent.

MITCHELL, J.—On April 12, 1921, W. A. Buckley delivered an automobile to the Spokane Auto Market, a dealer in used cars at Spokane, and gave to it an instrument in writing designated an "option to purchase," by which he agreed to sell the automobile on or before April 25, 1921, for the sum of $1,100. Some time after April 25, 1921, the Spokane Auto Market, with the knowledge of the owner that the automobile was being disposed of to another, sold and delivered it to Albert Matheson. Several times thereafter, Buckley

[1]Reported in 206 Pac. 935.

attempted to collect from the Spokane Auto Market, without success. The latter part of June, 1921, the Spokane Auto Market became insolvent and its affairs passed into the hands of a receiver. Thereafter this action in claim and delivery was commenced by Buckley against the purchaser Matheson. Upon the conclusion of testimony on behalf of the plaintiff, he alone having testified, in a trial before a jury, a motion by the defendant for a judgment of nonsuit and dismissal of the action was granted, and from that judgment the plaintiff has appealed.

The written instrument was not recorded, and there is no intimation or contention that the respondent was advised or put upon inquiry that the automobile did not belong to the Spokane Auto Market. The appellant testified the understanding was the Spokane Auto Market was permitted to sell the car. That is to say, as we understand his testimony, so far as third parties were concerned, he intended to make the Spokane Auto Market his agent for the sale of the car. Again, he testified that, while the negotiations for the sale to the respondent were pending that finally resulted in the sale, he was spoken to of needed repairs to the extent of $15; and then, by questions and answers, he said as follows: "Q. And did he (manager of the Spokane Auto Market) say that if those repairs were made that the party that the deal was on with would take the car? Ans. I believe he did. Q. And you said go ahead? Ans. Yes, sir."

Manifestly the appellant by his own act invested the dealer, with whom the automobile was intrusted, with apparent authority sufficient to protect an innocent purchaser. And added to that, he knew of and encouraged the deal during its progress rather than protect the purchaser who would be defrauded, if that

knowledge and conduct were not held to be sufficient to prevent recovery.

A cross-appeal by the respondent presents the refusal of the trial court to reopen the case on its behalf, after the motion for nonsuit and dismissal of the action had been granted, to permit the introduction of proof of damages for the loss of the use of the automobile seized at the commencement of the action. The disposal of such a motion calls into exercise the discretion of the trial court to that extent we find no hesitancy in refusing to disturb the ruling, upon the record presented in this case.

The judgment is affirmed. Costs to the respondent.

PARKER, C. J., FULLERTON, TOLMAN, and BRIDGES, JJ., concur.