[No. 18804. Department One. November 20, 1924.]

## J. W. YOUNG, as Administrator of the Estate of William Young, Deceased, Appellant, v. AMERICAN CAN COMPANY, Respondent.[1]

ASSIGNMENTS (20)—PROPERTY OR INTEREST TRANSFERRED—RIGHTS OF ASSIGNEE—TITLE TO PROPERTY. A canning company's assignment of credit memorandums for cans shipped and returned, to which it never acquired title, carries no greater right than the canning company had.

ESTOPPEL (23, 65)—PLEADING AS DEFENSE—PREJUDICE TO PERSON SETTING UP ESTOPPEL. Estoppel to deny a liability on credit memorandums cannot be asserted where it was not pleaded, and where plaintiff parted with nothing on the faith of the credit memorandums.

Appeal from a judgment of the superior court for Lewis county, Hewen, J., entered February 15, 1924, in favor of the plaintiff, upon findings supporting the defense, in an action on an assigned claim, tried to the court. Affirmed.

*Gus. L. Thacker,* for appellant.

*Forney & Ponder,* for respondent.

TOLMAN, J.—The plaintiff by this action seeks recovery on two credit memorandums, aggregating the

[1]Reported in 230 Pac. 147.

sum of $1,398.80, made by the defendant to the Cowlitz Valley Canning Company, a corporation, and by it assigned to William Young in his lifetime. The cause was tried to the court, resulting in a judgment in favor of the plaintiff for $82.08 only, and from this judgment the plaintiff has appealed.

The canning company, some time before the cause of action arose, had entered into a contract with a third party to finance its operations. This contract is in evidence and clearly provides that the financing party shall provide all funds necessary for the purchase of fruit and cans to be used by the canning company in its operations, and these provisions were met, so far as cans were concerned, by the financing party ordering cans which it expected would be needed from the respondent (except the first carload the order for which was placed by the canning company), having them shipped with bill of lading attached to sight draft, paying the drafts with its own funds, taking possession and storing the cans in a warehouse at Chehalis in its own name on an order warehouse receipt. Thereafter the cans thus stored were, as needed, transported to the cannery at Mossyrock. The evidence tends to show that the greater part of the last carload of cans (there were but three carloads in all) never passed into the possession of the canning company, but were returned to respondent with the rejects from the two prior shipments, and for the goods thus returned, with some boxes and crates included, respondent issued its credit memorandums here involved.

The facts as to the major part of the cans returned never having been delivered to the canning company were found by the trial court against the appellant, and as we are convinced that the evidence does not preponderate against that finding, we are bound by it. It therefore follows that the canning company never had

title to such undelivered cans. The financing party being bound to furnish only such cans as were needed for the season's pack, never parted with its title to the cans which it retained. Upon their return, it was entitled to receive back the money which it had paid therefor. The credit memorandums are memorandums only. They vested no right in the canning company which it did not already have, and their assignment to appellant's decedent carried no right not then vested in the canning company. The assignment of a chose in action, as distinguished from a negotiable instrument, cannot give the assignee greater rights than the assignor had.

"But while the assignee takes all the rights of his assignor under the agreement transferred to him, the assignor can assign no greater interest in the contract than he himself has, and the assignee can take no greater interest therein than that possessed by the assignor at the time when the debtor or person liable receives notice of the assignment." 2 Elliott on Contracts, § 1457.

But appellant now asserts that the respondent is estopped to deny its liability upon the credit memorandums. Unfortunately for this contention, appellant did not plead estoppel, or raise that issue in the court below, and moreover the evidence shows that William Young parted with nothing on the faith of the credit memorandums. On the contrary, it appears by appellant's own testimony that they were assigned to him to secure a pre-existing debt. Hence there was no estoppel.

The judgment appealed from is affirmed.

MAIN, C. J., BRIDGES, PARKER, and HOLCOMB, JJ., concur.