[No. 39450.  Department Two.  October 2, 1969.]

THE HOME INDEMNITY COMPANY, *Appellant*, v. MCCLELLAN MOTORS, INC., *et al.*, *Defendants*, LELAND R. CARPENTER, *Respondent.**

*Guttormsen, Scholfield, Willits & Ager, Robert Lee Ager,* and *John Hamill,* for appellant.

NEILL, J.—This appeal arises out of an action commenced by Home Indemnity Company for a declaratory judgment of

*Reported in 459 P.2d 389.

its rights and liabilities under a statutory car dealer's bond.

Plaintiff is surety on a used car dealer's bond in which McClellan Motors, Inc., is principal. When claims in excess of the penal amount of the bond were received, plaintiff, on October 15, 1964, cancelled the bond. It then instituted this action to adjudicate the rights of the various claimants. Appeal is taken only from the portion of the judgment awarding defendant Carpenter $1,212.37 against the bond.

The facts upon which Mr. Carpenter's claim rests were stipulated. Mr. Carpenter delivered his automobile to Richard McClellan, president and principal agent of McClellan Motors, Inc., who agreed to find a purchaser for the automobile and remit the sales price, less a 5 per cent commission. On September 27, 1964, Mr. McClellan sold the automobile to Wyoming Chamberlin for $2,497.70. Full payment was made to Mr. McClellan and Mr. Chamberlin took possession of the automobile.

On October 13, 1964, Mr. McClellan told Mr. Carpenter that the automobile had been sold for $1,950 and gave him a check for $1,850, in return for which Mr. Carpenter endorsed the certificate of title in blank and gave it to Mr. McClellan. The check was later dishonored for insufficient funds.

Mr. McClellan failed to deliver the certificate of title to the purchaser. In January, 1965, Commercial Credit Corporation, which had financed the purchase and was assignee of Mr. Chamberlin's installment contract, brought suit against Mr. Carpenter to obtain the certificate of title. Mr. Carpenter obtained the title certificate from Mr. McClellan's attorney and settled that action by delivering the certificate of title to Commercial Credit Corporation and Mr. Chamberlin. In return for the delivery of the certificate of title, Mr. Chamberlin gave Mr. Carpenter an assignment of all his rights and claims against Mr. McClellan and McClellan Motors, Inc. Commercial Credit Corporation also assigned its interest in the claim to Mr. Carpenter.

Mr. Carpenter asserts two bases for his claim against the bond: (1) his personal rights against the bond by virtue of

RCW 46.70.070; and (2) his rights as assignee of Mr. Chamberlin. The trial court awarded judgment for a pro rata share of the bond based upon the second ground. The bonding company appeals.

As to the first asserted basis, it is our view that Mr. Carpenter, as seller or consignor, has no claim on the bond by virtue of the statute. RCW 46.70.070[1] reads in relevant part as follows:

> Before issuing a dealer license, the director shall require the applicant to file with said director a surety bond in the amount of ten thousand dollars for automobile dealers . . . *Any retail purchaser* who shall have suffered any loss or damage by reason of breach of warranty or by any act by a dealer which constitutes a violation of this chapter shall have the right to institute an action for recovery against such dealer and the surety upon such bond.

(Italics ours.)

The italicized words, "Any retail purchaser," were substituted for "Any person" by Laws of 1961, ch. 239, § 1. It is a well recognized rule of statutory construction that, where a law is amended and a material change is made in the wording, it is presumed that the legislature intended a change in the law. *E.g., Alexander v. Highfill*, 18 Wn.2d 733, 140 P.2d 277 (1943). The conclusion is inescapable that the legislature, by the 1961 amendment, intended to restrict recovery under the statutory bond to retail purchasers. Mr. Carpenter is not a retail purchaser and is thus not entitled, personally, to recover against the bond.

The next question is whether Mr. Carpenter has a claim against the bond by virtue of the assignment. The assignee of a chose in action takes only those rights held by his assignor. *Association Collectors, Inc. v. Hardman*, 2 Wn.2d 414, 98 P.2d 318 (1940); *Young v. American Can Co.*, 131 Wash. 374, 230 P. 147 (1924). Therefore, assuming the assignment is valid, Mr. Carpenter's rights against the

[1]The quoted statute was in effect during all times pertinent to this transaction. It was amended in particulars not pertinent hereto by Laws of 1967, Ex. Ses., ch. 74, § 27, effective July 1, 1967.

bond are coextensive with those of Mr. Chamberlin at the time of the assignment.

It is conceded that Mr. Chamberlin was a retail purchaser. Any loss occasioned by Mr. McClellan's failure to deliver the title certificate was covered by the bond. Therefore, under the normal rules of suretyship, Mr. Chamberlin had the option of proceeding against the principal (Mr. McClellan) or the surety (plaintiff). However, if he proceeded against the principal and received satisfaction, the surety's obligation would be discharged. The same is true if a third party satisfies the principal's obligation, unless the third party takes an assignment of rights against the surety. *See Duke v. Benson,* 134 Wash. 495, 236 P. 77 (1925); Stearns, Law of Suretyship § 6.52 (5th ed. 1951). *Cf. Fruehauf Trailer Co. v. Chandler,* 67 Wn.2d 704, 409 P.2d 651 (1966).

Mr. Carpenter argued to the trial court that he is a third party who has taken an assignment of rights. This, however, is not entirely correct. He delivered his automobile to Mr. McClellan for the purpose of sale. The parties treated the arrangement as a consignment. Under these circumstances, Mr. McClellan, in undertaking to sell the automobile, was acting as Mr. Carpenter's agent. *See* 46 Am. Jur. *Sales,* §§ 16-19 (1943); 8 Am. Jur. 2d *Bailments* § 34 (1963) cf. *Buckley v. Matheson,* 120 Wash. 212, 206 P. 935 (1922). Therefore, Mr. McClellan's obligation to deliver the title certificate to Mr. Chamberlin and the obligation of the actual seller, Mr. Carpenter, to deliver the title certificate were one and the same. Mr. McClellan was an agent, acting under actual authority when he undertook the sale to Mr. Chamberlin. When Commercial Credit Corporation, acting on Mr. Chamberlin's behalf, brought suit to obtain the title certificate and received satisfaction in settlement of that suit, the obligation protected by the bond was satisfied and discharged, unless the contemporaneous assignment of rights brings the assignee, Mr. Carpenter, within the rule that a third party may take an assignment of rights against the surety.

Does a claim against a consignee's surety, which relates

to the subject matter of the consignment, survive an assignment to the consignor? We conclude that it does not, and that, even assuming an otherwise valid assignment, Mr. Carpenter has no claim against the bond.

An assignment of a claim from a creditor to the debtor is, in legal effect, a satisfaction and payment of that claim. *See Dial v. Inland Logging Co.*, 52 Wash. 81, 100 P. 157 (1909); Restatement of Contracts, § 150, comment *b* (1932). To the extent that a claim is thus assigned, the debt and the rights based upon it are extinguished.

As to the purchaser, Mr. Chamberlin, Mr. Carpenter was not less a debtor than was his agent, Mr. McClellan. It follows that the assignment in question was an assignment to Mr. Carpenter of a claim based upon his own obligation. This had the legal effect, under the stated rule, of satisfying the obligation and precluding any claim based upon it.

Under these circumstances, the trial court erred in allowing this claim against the bond. The judgment with respect to the claimant, Mr. Carpenter, is reversed.

HUNTER, C. J., HILL and HALE, JJ., and DONWORTH, J. Pro Tem., concur.