[No. 9118-6-II.   Division Two.   July 5, 1989.]

WALLACE KNACK, *Appellant,* v. THE DEPARTMENT OF RETIREMENT SYSTEMS, *Respondent.*

ALEXANDER, C.J., dissents by separate opinion.

Catherine C. O'Toole and Eric R. Hansen, for appellant.

Kenneth O. Eikenberry, Attorney General, and Donald F. Cofer, Assistant, for respondent.

REED, J.—Wallace Knack appeals a summary judgment granted to the Department of Retirement Systems of the State of Washington. The trial court ruled that Knack was entitled to receive, under his wife's retirement plan, either a lump sum payment equal to his deceased wife's accumulated contributions to the Washington State Teachers' Retirement System or a lifetime monthly allowance, but not both. Knack's wife had died prior to receiving the first installment of her retirement allowance. By opinion of this court dated February 16, 1988, we reversed the trial court and granted summary judgment to Knack, holding that Knack may elect to receive both his wife's accumulated contributions to the retirement system and an adjusted retirement allowance despite his wife's failure to survive until the first installment of her retirement allowance became due. The State thereafter moved for reconsideration of this court's holding, which was granted on September 2, 1988, by an order withdrawing our earlier opinion. On reconsideration, we reinstate the holding of the trial court granting summary judgment to the Department of Retirement Systems.

Knack initially commenced this declaratory judgment action in Thurston County Superior Court claiming that he was entitled to greater benefits from the Department of Retirement Systems than the Department had approved for him. On cross motions for summary judgment, the parties stipulated to certain facts, acknowledging that the issues were questions of law and that the case was, therefore, ripe for summary judgment.

The stipulation disclosed that Verna Knack was a member of the Washington State Teachers' Retirement System,

under "Plan I." Verna was eligible to retire in June 1984, pursuant to RCW 41.32.480(1), with 30 years of service as a schoolteacher. During the 1983–84 school year, Verna notified the school district that she planned to retire at the end of the school year. On June 26, 1984, Verna elected to receive, at retirement, all of her accumulated contributions to the teachers' retirement system ($29,493.67), together with an adjusted monthly retirement allowance of $1,105.31, pursuant to RCW 41.32.498(4), Option 2. Under this option a monthly survivor allowance was to be paid to her designated beneficiary Wallace Knack upon Verna's death. By letter dated July 10, 1984, the Department of Retirement Systems acknowledged receipt of Verna Knack's application for retirement benefits and noted that her retirement would become effective July 1, 1984.

On July 18, 1984, before she received the first installment of her retirement allowance, Verna Knack died. The Department then notified Wallace Knack, Verna's surviving husband and designated beneficiary, that because Verna did not survive until the first installment became due, RCW 41.32.520 governed the benefits received by the beneficiary, which provision, according to the Department, limited Wallace to the option of receiving either a lump sum payment equal to Verna's accumulated contributions to the retirement system or a lifetime monthly allowance of $1,284.92, but not both.

On these facts, the trial court granted the Department's motion for summary judgment and denied Wallace Knack's motion. Knack appealed. Resolution of the appeal requires us to interpret the meaning of RCW 41.32.498 and RCW 41.32.520.

RCW 41.32.520 provides in pertinent part:

Upon receipt of proper proofs of death of any member before retirement *or before the first installment of his retirement allowance shall become due* his accumulated contributions *and/or other benefits payable upon his death* shall be paid to his estate or to such persons as he shall have nominated by written designation . . . If a

member had established ten or more years of Washington membership service credit or was eligible for retirement, the beneficiary or the surviving spouse if otherwise eligible may elect, *in lieu of a cash refund* of the member's accumulated contributions, the following survivor benefit plan:

. . .

(2) The beneficiary, if a surviving spouse . . . may elect to receive a retirement allowance under Option 2 of RCW 41.32.530.

(Italics ours.)[1]

Knack contends on appeal that he is entitled to the benefits elected by his wife under RCW 41.32.498, which would include both his wife's accumulated contributions to the retirement system in addition to a monthly survivor allowance for himself. In this regard, he argues in response to the Department's invocation of RCW 41.32.520 that: (1) RCW 41.32.520 cannot be applied so as to revoke a member's election of benefits under RCW 41.32.498; (2) RCW 41.32-.520 is not applicable because Verna Knack survived until her retirement became effective; and (3) to the extent RCW 41.32.520 is applicable, benefits elected by a member under RCW 41.32.498 fall within the "and/or other benefits" language of RCW 41.32.520.

I

SURVIVORSHIP REQUIREMENT

Knack first argues that the benefits elected by his wife under RCW 41.32.498 are not conditioned upon survival and therefore, the provisions of RCW 41.32.520 are inapplicable to alter the benefits to which he is entitled as her designated beneficiary. Accordingly, Knack contends that he is entitled to receive the benefits elected by his wife despite her failure to survive until the first installment became due.

---

[1]Option 2 of RCW 41.32.530 provides:

"Upon his death his adjusted retirement allowance shall be continued throughout the life of and paid to such person as he shall have nominated by written designation duly executed and filed with the board of trustees at the time of his retirement."

RCW 41.32.498 provides in pertinent part:

Any person who becomes a member subsequent to April 25, 1973 or who has made the election, provided by RCW 41.32.497, to receive the benefit provided by this section, shall receive a retirement allowance consisting of:

. . .

(2) A combined pension and annuity service retirement allowance which shall be equal to . . . *Provided,* That any member may irrevocably elect, at time of retirement, to withdraw all or a part of his accumulated contributions and to receive, in lieu of the full retirement allowance provided by this subsection, a reduction in the standard two percent allowance, of the actuarially determined amount of monthly annuity which would have been purchased by said contributions: . . . *And Provided Further,* That said reduced amount may be reduced even further pursuant to the options provided in subsection (4) below;

. . .

(4) Upon an application for retirement approved by the board of trustees every member shall receive the maximum retirement allowance available to him throughout life unless *prior to the time the first installment thereof becomes due he has elected to receive the reduced amount provided in subsection (2)* and/or has elected by executing the proper application therefor, to receive the actuarial equivalent of his retirement allowance in reduced payments throughout his life, with the options listed below:

. . .

(b) Option 2. *Upon his death his adjusted retirement allowance shall be continued throughout the life of and paid to such person as he shall have nominated by written designation* duly executed and filed with the board of trustees at the time of his retirement.

(Italics ours.)

The above statute appears clear on its face that a member of the teachers' retirement system need only make the election at the time of retirement—surviving until the first installment is due is not required. This statute, however, as originally enacted provided that a member's selection of an

option would not be effective in a case in which "a beneficiary dies within thirty (30) days after retirement . . ." Laws of 1937, ch. 221, § 8(4). In 1941, the statute was amended to provide that the selection of an option would not be effective in a case in which a "beneficiary dies before he has received his first retirement allowance installment . . ." Laws of 1941, ch. 97, § 7(4). The survivorship requirement was deleted, however, in 1947 when the Legislature adopted language similar to the current statute, RCW 41.32.498. Laws of 1947, ch. 80, § 53.

Based on the Legislature's express omission of a survivorship requirement in the 1947 enactment, Knack asserts the familiar rule of statutory construction that when a statute is amended and a material change made in the wording, it is presumed that the Legislature intended a change in the law. *See Home Indem. Co. v. McClellan Motors, Inc.,* 77 Wn.2d 1, 3, 459 P.2d 389 (1969). In our initial decision, we applied this reasoning and held that a member's election of benefits under RCW 41.32.498 was effective notwithstanding a member's failure to survive until the first installment became due. In doing so, however, we ignored the parallel legislative history of RCW 41.32.520, which we believe, upon reconsideration, evidences the Legislature's intent to retain a survivorship requirement with regard to the election of benefits under RCW 41.32.498.

At the same time the Legislature deleted the survivorship requirement from the predecessor to RCW 41.32.498, it added such language to RCW 41.32.520 as follows:

Upon receipt of proper proofs of death of any member before retirement *or before the first installment of his retirement allowance shall become due* his accumulated contributions shall be paid to his estate or to such persons as he shall have nominated by written designation duly executed and filed with the Board of Trustees.

(Italics ours.) Laws of 1947, ch. 80, § 52. Accordingly, the Legislature, during the very same session and in the very

same act, created essentially the same survivorship requirement in RCW 41.32.520 that it deleted from the predecessor to RCW 41.32.498. The practical effect of the 1947 amendment therefore, merely was to change the survivorship requirement from a condition on the election of benefits to a separate superseding provision which governs a beneficiary's rights in the event the member dies before the date on which the first installment of the retirement allowance becomes due.

In construing revised statutes and connected acts of amendment and repeal, great caution must be observed to avoid giving these acts an effect which was not contemplated by the Legislature. *Amburn v. Daly,* 81 Wn.2d 241, 245, 501 P.2d 178 (1972). Furthermore, it is presumed that statutes relating to the same subject and passed during the same legislative session are imbued with the same spirit and actuated by the same policy, and are to be construed together as if parts of the same act. *Daviscourt v. Peistrup,* 40 Wn. App. 433, 441, 698 P.2d 1093, *review denied,* 104 Wn.2d 1008 (1985).

Knack urges us to interpret the 1947 amendment as indicating the Legislature's intent to remove any survivorship requirement with regard to the election of benefits under RCW 41.32.498, which allegedly indicates the Legislature's intent to make such an election effective notwithstanding the member's failure to survive until the first installment becomes due. Admittedly, such an election is irrevocable with regard to the member;[2] however, to construe an election under RCW 41.32.498 as creating vested rights in benefits regardless of a member's failure to survive

---

[2]Verna Knack's election of benefits under RCW 41.32.498 was irrevocable pursuant to RCW 41.32.497, which provides in pertinent part:

"**Retirement allowance for members entering system before April 25, 1973—Election.** Any person who became a member on or before April 25, 1973 and who qualifies for a retirement allowance shall, at time of retirement, make an *irrevocable election* to receive either the retirement allowance by RCW 41.32.498 as now or hereafter amended or to receive a retirement allowance pursuant to this section . . ." (Italics ours.)

until the first installment of the retirement allowance becomes due, would be to fail to give effect to the Legislature's simultaneous amendment of RCW 41.32.520.

██ Accordingly, to adopt the construction urged by Knack would be to render meaningless the Legislature's simultaneous amendment to RCW 41.32.520. The Legislature is presumed not to engage in unnecessary or meaningless acts. *State v. Wanrow,* 88 Wn.2d 221, 228, 559 P.2d 548 (1977). Clearly, the Legislature, in amending RCW 41.32-.520 to govern the benefits of survivors of those members who die prior to the first installment becoming due, intended to treat the two circumstances differently. The statutes must be given a reasonable construction to avoid meaningless distinctions. *See Bellevue Fire Fighters Local 1604 v. Bellevue,* 100 Wn.2d 748, 754, 675 P.2d 592 (1984), *cert. denied,* 471 U.S. 1015 (1985). The construction that we believe best serves the legislative purpose is to view RCW 41.32.498 as impliedly incorporating the survivorship requirement of RCW 41.32.520. Accordingly, we construe the legislative scheme as a whole to require that a member's election of benefits under RCW 41.32.498 be subject to the superseding provisions of RCW 41.32.520 in the event the member fails to survive until the first installment of the retirement allowance becomes due.

## II
## CONSTRUCTION OF RCW 41.32.520

A. Due Date for Purposes of Applicability of Statute: Knack argues in the alternative that his wife died after the first installment of her retirement allowance was due and therefore, RCW 41.32.520 is inapplicable. This argument rests on Knack's assertion that "due," for purposes of the statute, means the date on which benefits begin to accrue; which, according to Knack, is the date on which the member's retirement becomes effective. In contrast, the Department contends that "due" refers to the date on which benefits are to be paid, which date the Department contends, is the end of the month.

Although not defined in the statute, we believe that "due," for purposes of the statute, means the date on which the first installment is payable, which date, we conclude, is the end of the month. Generally, where a term is not defined in the statute, the term must be accorded its plain and ordinary meaning unless a contrary intent appears. *Dennis v. Department of Labor & Indus.,* 109 Wn.2d 467, 481, 745 P.2d 1295 (1987). Such meaning, however, is to be derived from the context in which the term is used in the statute. *State v. Wanrow,* 88 Wn.2d at 228. With regard to RCW 41.32.520, the term "due" is used in conjunction with the word "installment," which has been defined as:

> Partial payment of a debt or collection of a receivable. Different portions of the same debt payable at different successive periods as agreed.

Black's Law Dictionary (5th ed. 1979). Because "installment" refers to the periodic payment of a debt, we conclude that the Legislature's use of the term "due" in the statute was intended to mean the payment date rather than the accrual date. The payment date in turn, is at the end of each month.[3] Accordingly, because Verna Knack died prior to July 31, 1984, the date the first installment of her retirement allowance became due, the provisions of RCW 41.32-.520 are applicable to govern the benefits receivable by Wallace Knack, her designated beneficiary.

B. Additional Benefits Encompassed by Statute: As noted above, the extent of benefits permitted under RCW 41.32.520 include the member's accumulated contributions "and/or other benefits payable upon his death . . ." The

---

[3]RCW 41.32.497 provides that pension benefits "payable under the provisions of this section shall be prorated on a monthly basis and paid at the end of each month." Although Verna Knack elected benefits under RCW 41.32.498, which does not expressly provide for the date of payments thereunder, such selection was made pursuant to RCW 41.32.497, as Verna became a member of the teachers' retirement system before April 25, 1973. (See footnote 2). Accordingly, we view the payment date provision of RCW 41.32.497 as applicable to the election made by Verna.

provision regarding other benefits was added to RCW 41.32.520 in 1967. Laws of 1967, ch. 50, § 7. Prior to that time, a designated beneficiary under RCW 41.32.520 was relegated solely to the member's accumulated contributions.

▮ Because the Legislature did not limit the definition of "other benefits payable upon . . . death" in the statute, we construed this provision in our initial decision to encompass any death benefits available to a survivor, including those under RCW 41.32.498. On reconsideration, we conclude that the Legislature's intent in adding the "and/or other benefits" provision to RCW 41.32.520 merely was to bring RCW 41.32.520 into conformity with two additional death benefit provisions, RCW 41.32.522 and .523, which were adopted in 1963 and specifically limited to those members dying prior to retirement or prior to the first installment of their retirement allowance becoming due.[4]

Such evidence of legislative intent is found in the explanatory note, submitted by the Public Pension Commission, accompanying House Bill 350, 40th Legislature (1967), enacted in pertinent part as Laws of 1967, ch. 50, § 7, codified as RCW 41.32.520.[5] The explanatory note provides in part:

> House Bill No. 350 is nothing more than a "house keeping" bill, submitted as a departmental request on behalf

---

[4]RCW 41.32.522 provides for an additional death benefit of $600 for a "qualifying member"; and RCW 41.32.523 provides for a $400 additional death benefit for "nonqualifying members."

[5]The Public Pension Commission was active from 1963 through 1973. Pursuant to RCW 41.52.040(10), the Commission, two–thirds of whom must be members of the Legislature, was charged with the duty to:

> Prepare an explanatory note for each pension bill introduced in the legislature, which note shall briefly explain the financial impact and policies of the bill, indicate the impact on the relative position of the system affected with the other public pension systems, and which shall be attached to or printed upon the printed bill.

RCW 41.52.040(10); Laws of 1963, 1st Ex. Sess., ch., 17, § 4(10).

of the Teachers' Retirement System. The requested changes deal primarily with the operating procedures of the Retirement System and not with benefit payments. Certain language is being deleted and other language has been added to *bring all sections into conformity with those sections which have been amended in recent years.* Other sections are being amended to strengthen and clarify existing provisions. This bill does not require an appropriation.

(Italics ours.) (Public Pension Commission, Research Material—Teachers' Retirement 1963–74 (box 13) HB 350, 1967). Section 7 of House Bill 350, which added the "and/or other benefits . . ." language to RCW 41.32.520, was explained in pertinent part of the explanatory note as follows:

> The changes in this section provide language to include payments to a deceased member's beneficiary of the death benefits enacted under RCW 41.32.522 and 41.32-.523 and 1963 and 1965. . . .

██ Although the above document is not authoritative, it is relevant to determining legislative intent as it was drafted prior to, or contemporaneously with, the passage of the act. *See Seattle Times Co. v. Benton Cy.,* 99 Wn.2d 251, 255 n.1, 661 P.2d 964, 40 A.L.R.4th 322 (1983) (citing, as relevant to determining legislative intent, letters and memoranda from members of the state judicial council). In the absence of a more substantial record of the legislative history, a court may take judicial notice of such documents. *Seattle Times Co.,* 99 Wn.2d at 255 n.1.

A review of the House and Senate Journals, in addition to the state archives, reveals no additional legislative history regarding the amendment to RCW 41.32.520. Accordingly, we conclude, based on the above explanatory note, that the Legislature's addition of the language "and/or other benefits . . ." to RCW 41.32.520 merely was intended to encompass the two incidental death benefits provided for in RCW 41.32.522 and RCW 41.32.523. We therefore hold

that the trial court was correct in granting summary judgment to the Department, and accordingly affirm.

PETRICH, J., concurs.

ALEXANDER, C.J. (dissenting)— In my judgment, we should adhere to our February 16, 1988, opinion in this matter. Therefore, I dissent.

I do not believe that RCW 41.32.520 supersedes Verna Knack's election of benefits. RCW 41.32.497, as amended in 1973,[6] required her to choose among the retirement plans provided in sections .497 and .498(1) and (2), and it made her choice irrevocable. If the Legislature's intent regarding the survivor requirement was not clear in 1947, it was clarified by the specific language of the 1973 amendment.[7] Legislative policy changes as economic and sociological conditions change, and rules of statutory construction require that the court take into account the sequence of all legislative enactments relating to the same subject matter. *See Connick v. Chehalis*, 53 Wn.2d 288, 291, 333 P.2d 647 (1958); *State v. Kichinko*, 26 Wn. App. 304, 311, 613 P.2d 792, *review denied*, 94 Wn.2d 1011 (1980). The provision of new options, the requirement of an affirmative choice, and the requirement that the choice be made at the time of retirement, rather than at any time before the first installment of the pension becomes due, all indicate there had been some change in legislative policy by 1973. If one section of the act is to supersede the other, the later amendments must control.

The majority contends, however, that sections .497, .498, and .520 can be reconciled by holding that a member's choice is irrevocable only as to the member. There is no

---

[6]Laws of 1973, 1st Ex. Sess., ch. 189, §§ 2, 3, p. 1405-06.

[7]The 1947 act simply provided certain options. In the provisions which became section .530 and part of section .498 it deleted language requiring a specific survival period in order for selections to be effective. However, unlike the language in the 1973 versions of RCW 41.32.497 and .498(2), it did not specifically state that those choices would be irrevocable.

indication that such a limitation was intended, and no reason why the Department of Retirement Systems should not be bound in the same manner as members of the system. Any other arrangement would be inconsistent with the statutory scheme as a whole. Since a member must elect a benefit plan at the time of retirement, his or her choice is established at the time retirement becomes effective. A member's retirement allowance accrues upon approval of the retirement application. RCW 41.32.795; WAC 415–112–520. "Retirement allowance" means the sum of annuity and pension of any optional benefits payable in lieu thereof. It includes monthly payments to a retiree's beneficiary. RCW 41.32.010(25). To "accrue" means to come into existence as an enforceable claim, to vest. *Webster's Third New International Dictionary* (1969).[8]

Verna Knack selected her retirement plan on June 26; her retirement became effective July 1. The accumulated contributions she had chosen to withdraw constituted a claim upon the pension fund, payable to her or to her estate.[9] Verna's death terminated the obligation to make monthly payments to her, but the retirement system was bound, by Verna's choice of Option 2, to provide a monthly allowance to Wallace Knack.

This construction of the statute does not, as the majority suggests, render RCW 41.32.520 meaningless. Neither the 1947 nor the 1973 amendments made selection of a survivor option mandatory, and both permitted that choice to be made at any time before the first installment was due. Section .520 still applies if a member dies before this deadline without having selected a survivor option.

Rules of statutory construction require that section .520 be considered in relation with all other provisions of the

---

[8]Since "accrue" is not defined in the statute, it should be given its common meaning. *Garrison v. State Nursing Bd.*, 87 Wn.2d 195, 196, 550 P.2d 7 (1976).

[9]This lump sum payment was not part of the survivor benefits designated in Option 2 and, therefore, should go to Verna's estate, rather than to Wallace Knack as her beneficiary.

statute. *See Tommy P. v. Board of Cy. Comm'rs,* 97 Wn.2d 385, 391, 645 P.2d 697 (1982). I believe the interpretation I propose is the most logical way to harmonize all of the provisions cited above. It is also entirely consistent with the Department's own perception of the purpose of section .520: "to provide a monthly survivor allowance which has been earned by many years of service . . ."[10] If a member has selected a survivor option, as did Verna Knack, this purpose has been accomplished.

Finally, I would note that the existence or nonexistence of a survivor benefit plan provides a more rational basis for the difference in treatment than the mere timing of a member's death. It also provides a more equitable result for both the members and their survivors. When pension legislation is ambiguous, it is to be liberally construed most strongly in favor of the beneficiaries. *Hanson v. Seattle,* 80 Wn.2d 242, 247, 493 P.2d 775 (1972).

For these reasons, I dissent.

Review denied at 113 Wn.2d 1021 (1989).

---

[10]This statement of purpose was contained in the explanatory notes included after section .520, in the copy of the proposed 1967 amendments to RCW 41.32, attached to the minutes for the October 10, 1966, meeting of the Board of Trustees of the teachers' retirement system.