[No. 11762-2-II. Division Two. March 28, 1990.]

AUTO VALUE LEASE PLAN, INC., *Appellant,* v. AMERICAN
AUTO LEASE BROKERAGE, LIMITED, ET AL,
*Respondents.*

*Gary M. Georgeff,* for appellant.

*Don M. Gulliford* and *Don M. Gulliford & Associates,* for respondents.

REED, J.—A corporation that purchases an automobile, together with the lessor's interest in an existing lease thereon, is not a "retail purchaser," entitled to recover against the dealer's surety bond pursuant to RCW 46.70-.070. The trial court so held; we affirm.

American Auto Lease Brokerage, Limited, d/b/a Americorp Financial (Americorp), agreed to purchase a new Toyota Celica automobile and to lease it to Dr. Klein for 5 years, with an option to purchase at the termination of the lease. Klein was to pay for insurance, taxes associated with the lease payment, annual license and registration fees, and any necessary repairs to the automobile.

Auto Value Lease Plan, Inc. (Auto Value) is in the business of purchasing such lease agreements. Auto Value agreed to pay Americorp to purchase the automobile for Klein; in exchange, Americorp agreed to transfer title to the automobile and assign the lease to Auto Value. Americorp accepted Auto Value's funds, and wrote a check to the automobile dealer. The check was dishonored, and the dealer withheld title. Auto Value demanded that Americorp perform as agreed or return the money; Americorp did neither. Americorp is now defunct.

Auto Value seeks to recover against Americorp's surety bond issued by American States Insurance Co. (Insurance Co.), arguing that Americorp "[h]as willfully failed to deliver to the purchaser a certificate of ownership to a vehicle which [sic] he has sold . . ." and, therefore, it has violated the unfair business practices act. RCW 46.70.

Recovery against an auto dealer's surety bond is restricted to "retail purchasers."[1] *Home Indem. Co. v. McClellan Motors, Inc.,* 77 Wn.2d 1, 3, 459 P.2d 389 (1969). The trial court dismissed the insurance company after concluding that Auto Value was not a "retail purchaser." We agree.

One who purchases an automobile for the purpose of leasing it to the ultimate user is not a "retail purchaser." *Brittingham Leasing Corp. v. Szymanski,* 53 Wn. App. 251, 256, 766 P.2d 495 (1989). Faced with a substantially similar situation in *Brittingham,* Division One resorted to the dictionary definitions of "retail" and "purchaser" and determined that "the 'retail purchaser' is the buyer who is the final user of the goods, as distinguished from a middleman or a purchaser who plays a wholesaler role." *Brittingham,*

---

[1] Former RCW 46.70.070(1)(d) (1986) provides in pertinent part as follows:

"Any *retail purchaser* who shall have suffered any loss or damage by reason of breach of warranty or by any act by a dealer which constitutes a violation of this chapter shall have the right to institute an action for recovery against such dealer and the surety upon such bond." (Italics ours.)

53 Wn. App. at 256. *See Webster's Third New International Dictionary* 1938 (1969); *see also* Black's Law Dictionary 1478–79 (4th rev. ed. 1969). The court concluded that one purchasing for the purpose of leasing to another is not the final purchaser; that the lessees in such arrangements are "the ultimate consumers in the sense that they are 'the last [persons] in the train of progression' who pay to 'use' the goods"; and that the lessor is acting "as a middleman in the chain of supply." *Brittingham*, 53 Wn. App. at 256. We adopt the reasoning of *Brittingham*. Here, Auto Value essentially is a financier. Dr. Klein is the ultimate consumer. As such, Auto Value is not a retail purchaser.

■ Auto Value argues by analogy to the taxing statutes that it is a "retail purchaser" when it purchases automobiles for use in its leasing business. *See Gandy v. State,* 57 Wn.2d 690, 359 P.2d 302 (1961); RCW 82.04.050; *cf. Brittingham,* 53 Wn. App. at 257 (Williams, J., concurring). We do not agree. Tax statutes are enacted to raise revenues; therefore, in a taxing context, a broad definition of retail sales is appropriate. In contrast, the unfair business practices act is designed to protect a particular class of consumers, *i.e.,* "retail purchasers," and that purpose does not require so broad a definition. The statutes are not in pari materia. Thus, there is no basis for inferring a legislative intent to import terms from one statutory scheme to the other. Therefore, the definition under the taxing statute is inapplicable.

Affirmed.

ALEXANDER, C.J., and PETRICH, J., concur.